UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENOCK NYAMOTI,
                     Plaintiff,

-v-

THE MOUNT SINAI HOSPITAL, *et al.*,
                     Defendants.

21-CV-8020 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

*Pro se* Plaintiff Enock Nyamoti sues Defendants the Mount Sinai Hospital ("Mount Sinai"); NYC Health + Hospitals ("NYC Health"); and the Physician Affiliate Group of New York ("PAGNY") on the ground that Defendants sought to compel Plaintiff to get vaccinated against COVID-19 despite his request for a religious exemption. The amended complaint asserts that Defendants violated a court order in another matter. It also asserts a cause of action under 42 U.S.C. § 1983 that Defendants violated the Free Exercise Clause of the First Amendment.

Defendants NYC Health and PAGNY move to dismiss the amended complaint as unripe. That motion is denied. Defendant Mount Sinai moves to dismiss the amended complaint for failure to state a claim. That motion is granted.

**I.    Background**

The following background comes from the allegations in the amended complaint, which "are assumed to be true." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90-91 (2d Cir. 2021).

    **A.    Factual Background**

The amended complaint alleges that Plaintiff Enock Nyamoti is a registered nurse anesthetist affiliated with the Mount Sinai Hospital and the Physician Affiliate Group of New York. (*See* Dkt. No. 12 ("Am. Compl.") ¶ 1.) He works at an NYC HHC Hospital in Elmhurst,

1

Queens as well as the Jacobi Medical Center.  (*See* Am. Compl. ¶ 3.)  The amended complaint alleges that after the imposition of "The Vaccine Mandate," Plaintiff "attempted to obtain a religious exemption from his hospital, based on [his] religious beliefs."  (*See* Am. Compl. 4.)  Specifically, Plaintiff asserts that he "cannot consent to be inoculated, 'continuously' or otherwise, with vaccines that were tested, developed or produced with fetal cells . . . derived from procured abortions."  (Am. Compl. ¶ 5.)  Plaintiff alleges that his request for a religious exemption was denied.  (*See* Am. Compl. ¶ 4.)  Plaintiff was "advised by management . . . not to come to work"; he would "be deemed to have 'voluntarily resigned.'"  (Am. Compl. ¶ 4.)

### B.   Procedural History

Plaintiff brought this action on September 27, 2021.  (*See* Am. Compl.)  The amended complaint primarily asserts two claims.  First, it asserts that a federal judge in the Northern District of New York has restrained all health care employers in the State of New York from mandating COVID-19 vaccination without considering religious exceptions, and Defendants have violated this court order.  (*See* Am. Compl. ¶¶ 2-4.)  Second, it asserts a cause of action under 42 U.S.C. § 1983 on the ground that Defendants have violated the Free Exercise Clause of the First Amendment by targeting Plaintiff's sincerely held religious beliefs.  (*See* Am. Compl. at 4-5.)  Plaintiff seeks reinstatement; back pay; front pay; compensatory damages; liquidated damages and punitive damages.  (*See* Am. Compl. at 5.)

Defendants NYC Health and PAGNY move to dismiss the amended complaint as unripe under Federal Rule of Civil Procedure 12(b)(1).  (*See* Dkt. No. 23.)  Defendant Mount Sinai moves to dismiss the amended complaint under Rule 12(b)(6) for failure to state a claim.  (*See* Dkt. No. 55.)  Plaintiff opposes both motions.  (*See* Dkt. No. 60.)

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(1) requires that a claim be dismissed for lack of subject-matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). On a motion to dismiss, "the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001).

Rule 12(b)(6) directs a court to dismiss a complaint for failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a complainant must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means that a complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

Plaintiff is proceeding *pro se*. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.* A court may also consider "factual allegations made by a *pro se* party in his papers opposing the motion" to dismiss. *Walker v.*

*Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013); *see Walker v. City of New York*, 367 F. Supp. 3d 39, 50 (S.D.N.Y. 2019).

### III.     Discussion

Defendants NYC Health and PAGNY move to dismiss for lack of subject-matter jurisdiction on the ground that Plaintiff's claims are not ripe.  Defendant Mount Sinai moves to dismiss on the ground that the amended complaint fails to state a claim.

#### A.     Ripeness

"To be justiciable, a cause of action must be ripe." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013).  "'Ripeness' is a term that has been used to describe two overlapping threshold criteria for the exercise of a federal court's jurisdiction." *Simmonds v. INS*, 326 F.3d 351, 356-57 (2d Cir. 2003).  "Constitutional ripeness is a doctrine that, like standing, is a limitation on the power of the judiciary in that it prevents courts from declaring the meaning of the law in a vacuum and from constructing generalized legal rules unless the resolution of an actual dispute requires it." *Id* at 357.  "Prudential ripeness is . . . a tool that courts may use to enhance the accuracy of their decisions and to avoid being becoming embroiled in adjudications that may later turn out to be unnecessary or may require premature examination of . . . issues that time may make easier or less controversial." *Id.*

Plaintiff's claims are constitutionally ripe.  "[T]he best way to think of constitutional ripeness is as a specific application of the actual injury aspect of Article III standing." *Walsh*, 714 F.3d at 688.  A claim is not ripe if it depends upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985)).  Instead, a "plaintiff's injury [must] be imminent rather than conjectural or hypothetical." *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 149 (2d Cir. 2021) (quoting *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*,

725 F.3d 65, 110 (2d Cir. 2013)). That is true here. Plaintiff alleges that he has been "advised by management not to come to work today" and that he "will be deemed to have 'voluntarily resigned.'" (Am. Compl. ¶ 4.) That injury is not "speculative." *Lacewell*, 999 F.3d at 149.

Nor is it premature to attribute that injury to Defendants NYC Health and PAGNY. They argue that there is no "causal connection" between the injury and their conduct at this point, *see Walsh*, 714 F.3d at 688 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)), because they ultimately deferred consideration of Plaintiff's exemption request (*see* Dkt. No. 23-1 at 8-9.) According to NYC Health and PAGNY, Plaintiff requested an exemption from NYC Health's Office of Equal Employment Opportunity ("EEO"), but the EEO ultimately deferred the request because its policies permitted it to grant an exemption only after an employee had been granted an exemption by its hospital employers, and Plaintiff had not submitted a notification that Mount Sinai or PAGNY had granted him an exemption. (*See* Dkt. No. 23-3 ¶¶ 5-6.) But there is an apparent causal connection between that initial denial and Plaintiff's current position, and in any event, Mount Sinai has denied Plaintiff's requested exemption. (*See* Dkt. No. 57-2 at 3.) At this point, on this record, it seems that Plaintiff has been terminated because he is unvaccinated, and Mount Sinai, PAGNY, and NYC Health denied his request for a religious exemption. Plaintiff's position is not contingent, and these decisions are not likely to change, so his claims are ripe.

Plaintiff's claims are prudentially ripe for similar reasons. To determine whether a claim is prudentially ripe, a district court considers "whether [the claim] is fit for judicial resolution" and "whether and to what extent the parties will endure hardship if decision is withheld." *In re MTBE Prod. Liab. Litig.*, 725 F.3d at 110. Both factors counsel against abstention here. Plaintiff presents claims that can resolved comfortably on entirely legal grounds, and he is

currently excluded from his employment.  (*See* Am. Compl. ¶ 5.)  That hardship is not likely to be remedied in the absence of a judicial decision.  Accordingly, Defendant NYC Health and PAGNY's motion to dismiss on justiciability grounds is denied.

    **B.**    **Merits**

The first claim in the amended complaint asserts that Defendant Mount Sinai violated a temporary restraining order entered by Judge David Hurd in the Northern District of New York.  (*See* Am. Compl. at 4.)  But that temporary restraining order is no longer in effect, and the subsequent preliminary injunction in that matter was vacated on appeal.  *See We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 296 (2d Cir.), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021).  In opposition, Plaintiff argues that he is nonetheless entitled to relief because Defendant Mount Sinai violated the order while it was in effect.  (*See* Dkt. No. 60 at 11.)  Although it is plain that "courts have inherent power to enforce compliance with their [own] lawful orders through civil contempt," *Shillitani v. United States*, 384 U.S. 364, 370 (1966), a court order does not give every beneficiary of that order a cause of action in any federal court to punish noncompliance.

The second claim asserts a cause of action under 42 U.S.C. § 1983 that Defendant Mount Sinai violated the Free Exercise Clause of the First Amendment.  (*See* Am. Compl. at 4-5.)  Specifically, Plaintiff argues that "[t]he Vaccine Mandate, on its face and as applied, targets Plaintiff[']s] sincerely held religious beliefs" that "compel him to refuse vaccination with abortion-connected vaccines."  (Am. Compl. at 5.)  Plaintiff fails to state a claim against Mount Sinai because the amended complaint does not raise an inference that it is a state actor or otherwise involved in state action.  (*See* Dkt. No. 56 at 9.)  To make out a constitutional claim under Section 1983, a plaintiff "must first establish that the challenged conduct constitutes 'state action.'"  *United States v. Int'l Bhd. of Teamsters, Chaffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295-96 (2d Cir. 1991).  The amended complaint is bereft of any facts raising

such an inference.[1]  Accordingly, the amended complaint fails to state a claim against Defendant Mount Sinai.

## IV.   Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants NYC Health + Hospitals and the Physician Affiliate Group of New York is DENIED.  Defendant Mount Sinai's motion to dismiss is GRANTED.  Given Plaintiff's *pro se* status, Plaintiff is given 45 days to further amend the complaint if he wishes to do so.

The Clerk of Court is directed to close the motions at Docket Numbers 23 and 55.

SO ORDERED.

Dated: August 8, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] To the extent the amended complaint contains further claims under the Supremacy Clause, Title VII, the New York State Human Rights Law, the New York City Human Rights Law, and 42 U.S.C. § 1985(3), these claims are waived for lack of development.  Plaintiff mentions these statutes in passing, but even a *pro se* plaintiff must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *see* Fed. R. Civ. P. 8(a).  Plaintiff may develop these claims if he chooses to amend.