UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
ENOCK NYAMOTI,

                     Plaintiff,

        -v-

THE MOUNT SINAI HOSPITAL, *et al.*,
                     Defendants.
———————————————————————

21-CV-8020 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Enock Nyamoti, proceeding *pro se*, filed suit against the Mount Sinai Hospital ("Mount Sinai"), NYC Health + Hospitals ("NYC Health"), and the Physician Affiliate Group of New York ("PAGNY") on the ground that they sought to compel him to receive the COVID-19 vaccine over his religious objections. Pending before the Court is NYC Health and PAGNY's ("Defendants") motion for judgment on the pleadings.[1] For the reasons that follow, that motion is granted.

**I.    Background**

The Court assumes familiarity with the underlying facts, as recounted in its August 8, 2022 Opinion and Order.

Defendants filed the pending motion for judgment on the pleadings on December 6, 2022. (ECF No. 71.) Plaintiff failed to submit any response, despite a warning from the Court that failure to do so would cause the motion to be treated as unopposed. (ECF No. 75.)

---

[1] Mount Sinai was terminated as a Defendant following the Court's Opinion and Order dated August 8, 2022. (ECF No. 64.)

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "'The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim,' and, as in a 12(b)(6) motion, the Court takes the facts alleged in the complaint as true." *Zurich Ins. Co. v. Crowley Latin Am. Servs.*, LLC, No. 16 Civ. 1861, 2016 WL 7377047, at *2 (S.D.N.Y. Dec. 20, 2016) (quoting *Patel v. Contemporary Classics of Beverly Hill*s, 259 F.3d 123, 126 (2d Cir. 2001)).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Where a plaintiff brings claims of employment discrimination that are not supported by direct evidence of discrimination, he must plausibly allege that he was "a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

A complaint "filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). That being said, "[d]ismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 531 (S.D.N.Y. 2013) (citation omitted).

Even where a motion for judgment on the pleadings is unopposed, the Court "may not find for the moving party without reviewing the record and determining whether there is a

sufficient basis for granting the motion." *Polanco v. Comm'r of Soc. Sec.*, 304 F. Supp. 3d 345, 356 (S.D.N.Y. 2018).

**III.    Discussion**

The first claim in the Amended Complaint (ECF No. 12) asserts that Defendants violated a temporary restraining order entered by Judge David Hurd in the Northern District of New York.  This claim fails as a matter of law because that temporary restraining order is no longer in effect and the subsequent preliminary injunction was vacated on appeal.  (*See* ECF No. 64 at 7 (citing *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 296 (2d Cir.), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021), *cert. denied sub nom. Dr. A. v. Hochul*, 142 S. Ct. 2569 (2022).)

Plaintiff also claims that Defendants' vaccine requirement violated the Free Exercise Clause of the First Amendment.  Even taking the contents of the Amended Complaint as true, Plaintiff has not stated a claim for relief that is plausible on its face, given recent precedent concerning the constitutionality of COVID-19 vaccine mandates —including those that lack any religious exemption.  *See We The Patriots*, 17 F.4th 266.

In its August 8, 2022 Opinion and Order, the Court ruled that Plaintiff's remaining claims under the Supremacy Clause, Title VII, the New York State Human Rights Law, the New York City Human Rights Law, and 42 U.S.C. § 1985(3) were waived for lack of development.  (ECF No. 64 at 7 n.1. (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002);  Fed. R. Civ. P. 8(a).) Plaintiff was invited to develop those claims by submitting an additional amended complaint within 45 days of that Opinion and Order, but he did not do so.  Plaintiff has therefore failed to meet the minimum pleading requirements for the rest of his claims.

Accordingly, Defendants are entitled to judgment on the pleadings on the claims raised in the Amended Complaint.

## IV. Conclusion

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 71 and to close this case.

SO ORDERED.

Dated: July 13, 2023
      New York, New York

                                              J. PAUL OETKEN
                                            United States District Judge